SUPERIOR COURT
OF THE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

July 19, 2018

William Windsor
SBI # 00203994
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

  RE: *State of Delaware v. William Windsor*,
    Case ID# 1212009736A; 1212009736B

DATE SUBMITTED: June 21, 2018

Dear Mr. Windsor:

Defendant William Windsor ("Defendant") has filed his second Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] For the reasons expressed below the motion is **DENIED**.

On September 9, 2013, Defendant pled guilty to Rape in the Second Degree and pled *nolo contendere* to Continuous Sexual Abuse of a Child.[2] On the day of sentencing, Defendant, without the participation of his attorney, moved to withdraw his pleas pursuant to Criminal Rule 32(d). The Court refused to hear Defendant's motion because it was not made through his attorney, it was not filed with notice to the State, and the evidence against Defendant was so overwhelming.

---

[1] The applicable version of Rule 61 is that effective on June 4, 2014, as amended by an order of this Court dated March 23, 2017.

[2] The Rape in the Second Degree charge related to Defendant's first victim (Case ID: 1212009736A) and the Continuous Sexual Abuse of a Child charge related to Defendants second victim (Case ID 1212009736B).

Defendant was sentenced as follows: for Rape in the Second Degree, twenty-five years at Level Five, suspended after 20 years for decreasing levels of supervision; for Continuous Sexual Abuse of a Child, twenty-five years at Level Five, suspended after two years for two years of probation. Defendant appealed the Superior Court's denial of his motion to withdraw to the Delaware Supreme Court on January 7, 2014. On August 28, 2014, the Supreme Court affirmed the decision.[3]

On February 20, 2015, Defendant filed his first Postconviction Motion. On March 25, 2015, the Superior Court denied Defendant's Motion.[4]

On June 19, 2018, Defendant filed his second Motion for Postconviction Relief. He claims that: (1) he is actually innocent of his crimes and that one witness has since admitted her allegations were false; (2) he was subjected to double jeopardy with respect to the Rape in the Second Degree charge because that charge initially stemmed from the B case, but he pled guilty to that crime as part of the A case; (3) his motion to withdraw his guilty plea under Rule 32(d) should have been heard despite being made without the knowledge of his attorney; and (4) he was inadequately represented during plea negotiations and that if his attorney had informed him that the Indictment had been amended to include only 12 charges, instead of the original 51, he would not have accepted the offer.

The first step in evaluating a motion under Rule 61 is to determine whether any of the procedural bars listed in Rule 61(i) will force the motion to be procedurally barred.[5] Both Rule

---

[3] *Windsor v. State*, 2014 WL 4264915 (Del. Aug. 28, 2014).

[4] *State v. Windsor*, 2015 WL 1455602 (Del. Super. Ct. March 25, 2015), *aff'd*, 2015 WL 5679751 (Del. Sept. 25, 2015).

[5] Super. Ct. Crim. R. 61(i) provides:

> (i) Bars to Relief. (1) *Time limitation.* A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly

61(i)(1) and (2) require this motion to be summarily dismissed. First, a motion for postconviction relief cannot be filed more than one year after the judgment is final.[6] Given that Defendant's conviction was finalized nearly 4 years ago, his motion is time-barred. Additionally, any successive motion for postconviction relief is barred by Rule 61(i)(2) unless the Defendant has:

(i)     [pled]...with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which [he] was convicted; or

(ii)    [pled]...with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[7]

---

recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

(2) *Successive motions.* (i) No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule. (ii) Under paragraph (2) of subdivision (b) of this Rule, any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. That a court of any other sovereign has stayed proceedings in that court for purpose of allowing a movant the opportunity to file a second or subsequent motion under this rule shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

(3) *Procedural default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.

(4) *Former adjudication.* Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

(5) *Bars inapplicable.* The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

[6] *See* Rule 61(i)(1)
[7] *See* Rule 61(i)(2); 61(d)(2)(i), (ii).

Thus, in order to overcome the Rule 61(i)(2) bar, Defendant would have to show that either new evidence exists that creates a strong inference of actual innocence or that a new rule of constitutional law applied retroactively to his case. Defendant is unable to meet either criteria. The three affidavits included with Defendant's Motion are insufficient to create a strong inference that he is actually innocent of the crimes to which he pled guilty. Statements that one of the victims may have made to various individuals at some point in time after the conviction do not persuade the Court that it is more likely than not that no reasonable juror would have found Defendant guilty of his crimes beyond a reasonable doubt.

Considering the foregoing, Defendant's Motion for Postconviction relief is **DENIED**. As Defendant's Motion for Postconviction relief is denied, Defendant's Motion for Appointment of Counsel and Motion to Proceed in *Forma Pauperis* are also **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office

4